Rosa Carreras y Freyre et al., Plaintiffs and Appellees, *v.* José E. Pérez et al., Defendants and Appellants. Rosa Carreras y Freyre et al., Plaintiffs and Appellees, *v.* José E. Pérez et al., Defendants and Appellants.

Nos. 4542 and 4543. Argued January 17, 1930.—Decided May 29, 1931.

*J. Tous Soto, P. Amado Rivera,* and *J. Pérez Cordero* for appellants. *A. Marín Marién* for appellees.

Mr. Justice Wolf delivered the opinion of the Court.

These two suits are treated together, as all parties understood.

In a suit of revendication plaintiffs alleged and at the trial successfully showed that their predecessor in title owned a piece of land in Santurce bounded on the north by Joaquín

Villamil and another; on the east by the Municipality and other persons; on the west by José Conrado Hernández; and on the south by various persons unnecessary to mention. Unnecessary to mention, we say, because the evidence shows that the land to the north of such boundaries passed completely out of the ownership of the plaintiffs or any of their forerunners in title. The described piece of property when recorded showed an area of 8,050 square meters and 43 square centimeters. Various portions it is admitted or conceded were by sales carved out of the principal property until the remaining property became reduced to not more than 3,836 square meters and 62 square centimeters. The plaintiffs claimed, and the court held in their favor, that the defendants were in possession of about 614 square meters belonging to the plaintiffs. The portion claimed in these two suits is bounded on the north by the Municipal Hospital and on the east, in part, too, by the same hospital. On the west by the Avenue of José de Diego and on the south by Josefina Rivera and the extension of the Avenue of Antonsanti. Now while the description of the principal property showed Joaquín Villamil to the north, the evidence tended to show that the latter bought land of Carreras, forerunner of the plaintiffs, and ceded it to the Municipality or the Hospital. So that the northern limits of the plaintiffs' land are almost like natural boundaries.

The court decided that plaintiffs have sufficiently identified their land. Not only was the northern and part of the eastern boundary shown, but appellees showed that Josefina Rivera could be expected to be found on the south by reason of sales proceeding from Carreras, forerunner of the plaintiffs. A further discussion of the evidence may be found in the opinion of the court.

We agree with the appellees that it does not avail the appellants to indulge in speculations that plaintiffs' land was reduced by concessions to streets like the Avenue of De Diego, thus reducing the total holdings of the plaintiffs to

nought. Where, however, the court recited the evidence tending to show the identification, the burden was thrown on the appellants to show that such appreciation was erroneous. This they failed to do. We do not find that the court considered evidence that it had held to be incompetent or inadmissible.

The various assignments of error attempting to show that this or that witness should have been given no weight we do not find to be tenable. Either no objection was made to the declaration or it was admissible under a principle of reputation or the like, e. g. Wigmore Par. 1586.

Once the title of plaintiffs' ancestor was recorded, the burden was on defendants to show that the record was not duly made.

Appellants very well maintain that the burden of proof was on the plaintiffs and they could not rely on the failure of defendants to prove their own title. Plaintiffs did not rely on defendants' lack of title. Nevertheless defendants in their answer set up affirmatively that their title proceeded from a certain source. The evidence did not justify this claim of origin. This failure is either an admission or circumstantial evidence at least to fortify the position of the plaintiffs.

The defendant Pérez cannot set up that he is a third person. He knew of the claim of the plaintiffs, had thought of taking from them and bought with his eyes open. He knew that his supposed predecessors in title had fences in the land claimed.

With respect to this claim of being third persons under the Mortgage Law, all the defendants could discover by the slightest inspection of the record that the description by which their property was recorded was a new and sudden one, utterly unconnected with any previous record.

We find no reason for interfering with the discretion of the court in imposing costs.

We have covered directly or indirectly the various assignments of error discussed, and the judgment should be affirmed.